```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

BRENT J. SCHUSTER,

       Plaintiff,

   -vs-

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

**14-CV-486**
**DECISION AND ORDER**

## I. Introduction

Plaintiff Brent J. Schuster ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), claiming that the Commissioner of Social Security ("Commissioner" or "defendant") improperly denied his applications for supplemental security income ("SSI") payments and disability insurance benefits ("DIB") under the Social Security Act ("SSA"). Currently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On October 20, 2016, Magistrate Judge Leslie G. Foschio issued a Report and Recommendation ("R&R") (Docket No. 13) recommending that defendant's motion be granted and plaintiff's motion be denied. As discussed further below, the Court agrees with Judge Foschio's findings and adopts the R&R in its entirety.

## II. Discussion

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *E.g., Brown v. Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999). After conducing the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff's applications for SSI and DIB, initially denied, were filed on July 27, 2011 and alleged disability beginning on August 1, 2007 due to back injury, two back surgeries, a disc replacement, and a fusion. Administrative Transcript (hereinafter "T.") 167-173. Following a hearing before an administrative law judge ("ALJ"), during which testimony was taken from plaintiff and a vocational expert ("VE"), the ALJ issued an unfavorable finding that plaintiff was not disabled under the SSA. T. 22-35.

In her decision, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: sit for four hours and stand or walk for two hours; alternate positions every 30 minutes between sitting and standing; no overhead reaching or pushing/pulling; occasional use of foot controls, stooping, kneeling, crouching, and crawling; no balancing, climbing, or exposure to extreme temperatures. T. 25. On April 25, 2014, the Appeals Council denied plaintiff's request

for review of the ALJ's decision. T. 1-6. The present action ensued.

In his response to the R&R, plaintiff raises one specific objection - namely, that Judge Foschio incorrectly concluded that the ALJ properly assessed the opinion of treating physician Paul S. Holley, M.D. Plaintiff argues that, contrary to the ALJ's conclusion, Dr. Holley's opinion was consistent with plaintiff's self-reported activities of daily living and the other evidence of record and should have been afforded controlling weight under the treating physician rule..

Upon its *de novo* review and after careful consideration of plaintiff's objections, the Court accepts Judge Foschio's proposed findings and recommendation. The treating physician rule requires an ALJ to give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). However, an ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, so long as she sets forth the reasons for her determination. *See Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). Here, the ALJ adequately explained her reasons for affording less than

controlling weight to Dr. Holley's opinion. In particular, the ALJ explained that Dr. Holley's opinion was inconsistent with plaintiff's self-reported activities, which included providing daily childcare for his three-year-old daughter. The ALJ was within her rights to conclude that the restrictions set forth in Dr. Holley's opinion, which included lying down for large portions of the day and never stooping, crawling, or crouching, would render an individual incapable of caring for an active toddler. Moreover, and as discussed in the ALJ's decision, the clinical findings of plaintiff's surgeon and the physical evaluations of plaintiff by consultative physicians Fred Cohen, M.D., and Samuel Balderman, M.D., were inconsistent with the restrictions described by Dr. Holley. Notably, Dr. Balderman, a thoracic surgeon, found that plaintiff's cervical spine showed full flexion and extension and fully rotary movement bilaterally. Under these circumstances, the Court cannot conclude that the ALJ erred in concluding that Dr. Holley's opinion was inconsistent with the other substantial evidence in the record. The Court agrees with Judge Foschio that plaintiff's contention that the ALJ violated the treating physician rule is without merit.

### III. Conclusion

For the reasons set forth above and in the R&R, the undersigned adopts all of Judge Foschio's conclusions. The R&R (Docket No. 13) is hereby adopted in its entirety. The Commissioner's motion for a judgment on the pleadings (Docket No. 10) is granted, and plaintiff's motion for a judgment on the

pleadings is denied (Docket No. 8). The Clerk of Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **S/Michael A. Telesca**

                                        _____
                                          MICHAEL A. TELESCA
                                     United States District Judge

Dated:    May 11, 2017
           Rochester, New York